**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


**Bob Desmond**

     **v.**                          Case No. 06-cv-264-PB
                                     Opinion No. 2007 DNH 043
**Steven M. Notinger, Ch. 7**
**Trustee & ASR Acquisition Corp.**


## MEMORANDUM AND ORDER

     Bob Desmond appeals numerous Orders of the United States
Bankruptcy Court for the District of New Hampshire arising from
an adversary proceeding related to his Chapter 7 bankruptcy.
Steven Notinger, the Chapter 7 Trustee, and ASR Acquisition Corp.
(collectively "the Appellees") have moved to dismiss the appeal
as untimely and for lack of standing.  For the reasons discussed,
Appellee's motion is granted in part and denied in part.


## I.  BACKGROUND

     Beginning no later than 1989, Desmond entered into numerous,
complex business and financial agreements with ASR Acquisition
Corp. ("ASR"), a private investment and lending entity.

(Complaint in ASR Adversary Proceeding at ¶ 1 et seq., Doc. No. 3-1 ("Complaint")).  During the lending relationship, Desmond either assigned to or gave ASR various outstanding mortgages or liens on Desmond's real property known as Strawberry Hill Farm located in Orford, New Hampshire.  Id. at ¶ 4(B).

On November 13, 2003, Desmond filed a voluntary Chapter 11 bankruptcy petition.  (Settlement Memorandum Opinion of May 17, 2006 at 3, Doc. No. 9-5 ("Settlement Memorandum")).  In January 2004, ASR filed a proof of claim against the bankrupt estate in the amount of $3,173,851.40 as an allegedly secured claim as of the petition date.  (Complaint at ¶ 2; Motion to Compromise at ¶ 2, Doc. No. 11-1).  In May 2004, Desmond filed an Adversary Proceeding against ASR (the "ASR Adversary Proceeding"), challenging, *inter alia*, the amount of ASR's proof of claim. (Complaint at ¶ 4(A)).[1]

Throughout the course of the Chapter 11 proceeding, Desmond was unemployed, had no earned income, and apparently survived on loans or gifts.  (Chapter 7 Conversion Memorandum Opinion of Aug.

---

[1]   Desmond's original complaint contained additional claims that were either dismissed or disallowed as amendments.  Motion to Compromise at ¶ 4.

-2-

26, 2005 at 2, Doc. No. 10-4 ("Conversion Memorandum")).  On August 26, 2005, upon the United States Trustee's third motion and over Desmond's objection, the Bankruptcy Court converted the proceeding to a Chapter 7 bankruptcy and appointed Steven Notinger as Chapter 7 Trustee.  Id.  The Bankruptcy Court concluded that the "estate is apparently administratively insolvent, the Debtor has not been able to effectuate a plan where there is a reasonable likelihood of confirmation, and continued delay in Chapter 11 is and will be prejudicial to creditors."  Id. at 3.

By operation of law, Notinger stepped into Desmond's place and took over representation of the estate, including both its adjudication of the main bankruptcy case and the prosecution of the ASR Adversary Proceeding.  (Settlement Memorandum at 3).  Initial negotiations between Notinger, ASR and Desmond failed to produce an acceptable settlement.  (Motion to Compromise at ¶ 4).  Following further negotiations without Desmond, Notinger came to an agreement with ASR and sought the Bankruptcy Court's approval of a Release and Settlement Agreement between the Trustee and ASR.  Id. at ¶¶ 5-6.  In the Motion to Compromise, Notinger stated that the estate's "best case scenario" if the litigation

-3-

continued would be to reduce ASR's claim to $1.3 million, "with perhaps an additional reduction of several hundred thousand dollars if [he could] prove[] that fees and expenses charged to the FDIC obligation were improperly charged."   <u>Id.</u> at ¶ 5.   He based his estimates on the opinions of accounting and lending experts he hired to assist him.   <u>Id.</u>

The pertinent terms of the settlement are as follows: First, the Trustee and ASR agreed to reduce ASR's allowed claim to $2.4 million.   (Settlement Agreement at ¶ 5, Doc. No. 8-2). Second, the Trustee granted ASR a release from all past, present and future related claims.   <u>Id.</u> at ¶¶ 12-13.   Third, the Trustee agreed to abandon any interest in the Strawberry Hill Farm.[2]   <u>Id.</u> at ¶ 2.   Fourth, following this abandonment, the parties agreed that ASR could foreclose on Strawberry Hill Farm without further interference from the Trustee or the estate.   <u>Id.</u> at ¶ 3.   Fifth, to account for the fact that the parties estimated the fair value of the Strawberry Hill Farm to be approximately $1.5 million but, under the Trustee's "best case scenario," ASR's claim might be

---

[2]   In conjunction, the Trustee also filed a separate motion to abandon Strawberry Hill Farm in the main bankruptcy case.   The Bankruptcy Court resolved both motions in the May 17, 2006 memorandum and order.

worth only  $1.3 million, the Settlement Agreement obligated ASR to make a $120,000 payment to the estate.  <u>Id.</u> at ¶ 5.

On April 20, 2006, the Bankruptcy Court held a hearing on the matter.[3]  (Settlement Memorandum at 2).  On May 17, 2006, over Desmond's objection, the court approved the settlement and granted Notinger's motion to abandon Strawberry Hill Farm.  <u>Id.</u> at 5.  Citing relevant law, the Bankruptcy Court first established Notinger's authority to settle the claims, stating that "[u]pon conversion and appointment of a Chapter 7 trustee, all claims held by the estate belong to the trustee . . . . [T]he Trustee alone may assert the causes of action against ASR in the ASR Adversary [Proceeding]."  <u>Id.</u> at 3.  The court acknowledged that "the settlement does release any and all claims against ASR that the Debtor or the estate could assert [against

---

[3]  Appellees argue that I must dismiss Desmond's appeal because he has failed to file with his appeal a transcript of the April 20, 2006 settlement hearing as is required by Federal Rule of Bankruptcy Procedure 8006.  Rule 8019 of the same, however, grants district courts broad discretion to suspend most procedural requirements, including Rule 8006.  <u>See</u> Fed. R. Bankr. P. 8019.  Because the transcript may be useful in deciding the merits of Desmond's appeal and because Appellees have presented no persuasive evidence of bad faith on the part of Desmond or prejudice to the Appellees, I grant Desmond leave to supplement the record on appeal with the missing transcript.  <u>See</u> <u>In re Dawley</u>, 2005 WL 67078 at *2 (E.D.Pa.).

ASR], as those claims belong to the Trustee upon conversion to Chapter 7." <u>Id.</u> (citing ¶ 13 of the Settlement Agreement).  The court then analyzed the terms of the proposed settlement in light of the factors set out in <u>Jeffrey v. Desmond</u>, 70 F.3d 183, 185 (1st Cir. 1995), and concluded that "the Trustee has competently and fairly assessed the costs, merits, and possible outcomes of the ASR Adversary [Proceeding] and has reached a settlement that is probably at the higher end of the range of potential outcomes if the matter proceeded to trial."  (Settlement Memorandum at 5).

On May 24, 2006, the Bankruptcy Court denied Desmond's motion to reconsider.  (Reconsideration Order, Doc. No. 10-2). Desmond filed a Notice of Appeal on June 5, 2006 (Doc. No. 1-2) and a Statement of Issues To Be Presented On Appeal (Doc. No. 2-1) on June 15, 2006.  In his appeal, Desmond challenges Bankruptcy Court Orders issued on September 12, 2005, February 15, 2006, March 22, 2006, April 19, 2006,[4] as well as the Settlement Order of May 17, 2006.

---

[4]  In separate orders on these dates, the Bankruptcy Court dismissed several of Desmond's claims and denied several of his motions.  Because, as discussed below, Desmond's appeal of these orders is untimely, I need not provide further factual detail.

## II.  __ANALYSIS__

### A.  __Untimely Appeal__

Appellees argue that Desmond's appeals of the Bankruptcy Court's Orders dated September 12, 2005, February 15, 2006, March 22, 2006, and April 19, 2006 must be dismissed because they are untimely.  Desmond makes no argument in response.

Federal Rule of Bankruptcy 8002 gives parties ten days from the date of entry of a judgment, order, or decree in which to appeal.  Fed. R. Bankr. 8002(a).  <u>See</u> <u>also</u> <u>In re Robbins v. Thomson McKinnon Secs.</u>, 1997 WL 811534 (S.D.N.Y. June 11, 1997) (rule applies to both final judgments and interlocutory orders).  Because this ten-day requirement is mandatory, an "[u]ntimely notice of appeal deprives the district court of jurisdiction to review the bankruptcy court's order."  <u>In re Abdallah</u>, 778 F.2d 75, 77 (1st Cir. 1985).  Desmond failed to submit the required notice of appeal within 10 days of entry of the these four Orders.  Nor has he suggested any exception to Rule 8002(a) that is applicable in this case.  Accordingly, I am without jurisdiction to review these claims.

**B.    Standing**

Appellees next argue that Desmond lacks standing to appeal the May 17, 2006 settlement Order because the Chapter 7 Trustee alone had the responsibility and authority to prosecute and settle the ASR Adversary Proceeding.

"It is well established that a Chapter 7 debtor generally lacks standing to challenge a bankruptcy court judgment confirming" a settlement agreement between the Trustee/Estate and its creditors.  See Mark Bell Furniture Warehouse, Inc. v. D.M. Reid Assocs., Ltd., 992 F.2d 7, 10 (1st Cir. 1993).  This rule reflects the fact that the Chapter 7 Trustee divests the debtor of all "right, title and interest" in property of the estate. Spenlinhauer v. O'Donnell, 261 F.3d 113, 118 (1st Cir. 2001).

A Chapter 7 debtor does have standing to appeal a final bankruptcy judgment, however, if he is a "person aggrieved" by such judgment.  Spenlinhauer, 261 F.3d at 117; In re Thompson, 965 F.2d 1136, 1142 n.9 (1st Cir. 1992).  A debtor is "aggrieved" by an order approving a settlement only where "the challenged order directly and adversely affects [his] pecuniary interests." Spenlinhauer, 261 F.3d at 117–18.  In the ordinary Chapter 7

case, a debtor meets this standard by showing either that (1) nullification of the settlement would result in an "overall surplus in the Chapter 7 estate," or (2) the settlement "would adversely affect the terms and conditions of his Chapter 7 discharge." Id. at 119, 119 n.7; see also In re El San Juan Hotel, 809 F.2d 151, 155 n.6 (1st Cir. 1987).

Whether a debtor has appellate standing to challenge a bankruptcy order is a question of fact for the district court. El San Juan Hotel, 809 F.2d at 155 n.3. Faced with a challenge to his standing, a debtor must adduce evidence sufficient to demonstrate his pecuniary harm. See Spenlinhauer, 261 F.3d at 119. Although Desmond's brief alleging standing is grossly muddled on this point, a glimmer of a claim emerges from between the lines.

This case does not fit the mold of the ordinary Chapter 7 "aggrieved person" case. Instead, the documents Desmond submitted in support of his appeal suggest that he became an aggrieved person when the estate abandoned its interest in the Strawberry Hill property as a part of the settlement. At that point, Desmond reacquired title to the property subject to ASR's security interest. If, as Desmond claims, the Settlement

-9-

Agreement assigned an excessive value to ASR's claim, he stands to suffer financially as the owner of the Strawberry Hill property from the foreclosure proceeding contemplated by the settlement.  This is all that is required to qualify Desmond as an aggrieved party with standing to appeal.


**III.**   <u>**CONCLUSION**</u>

For the reasons discussed, Notinger's motion to dismiss (Doc. No. 15-1) is granted in part and denied in part.

SO ORDERED.


<u>/s/Paul Barbadoro</u>
Paul Barbadoro
United States District Judge

March 30, 2007

cc:  William S. Gannon, Esq.
     Debra Ann Notinger, Esq.
     William Pribis, Esq.
     Geraldine L. Karonis, Esq.
     Clerk, US Bankruptcy Court - NH